# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WELLS,<br><br>    Plaintiff(s),<br><br>v.<br><br>GLOBAL TECH INDUSTRIES, INC., et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-02040-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 46, 47] |

Pending before the Court is Plaintiff's motion to compel responses to requests for admission. Docket No. 46. Also pending before the Court is Plaintiff's motion to compel responses to interrogatories. Docket No. 47. Defendant Liberty Stock Transfer filed a response in opposition to both motions. Docket No. 50. Plaintiff filed a reply. Docket No. 56. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion to compel requests for admission is **GRANTED** (Docket No. 46) and the motion to compel interrogatory responses is **DENIED** without prejudice (Docket No. 47).

**I.  BACKGROUND**

Plaintiff brought this suit against Defendants Global Tech Industries and Liberty Stock Transfer. In particular, Plaintiff alleges that he was issued shares from Global Tech Industries, *see* Docket No. 1 at ¶ 8, and that he was thwarted in his effort to register these shares by Liberty Stock Transfer *see, e.g.*, *id.* at ¶¶ 17-18.

On June 3, 2022, Plaintiff served requests for admission on Defendant Liberty Stock Transfer. Docket No. 46-2. On June 24, 2022, Defendant Liberty Stock Transfer served responses to those requests for admission. Docket No. 46-3. On June 3, 2022, Plaintiff served interrogatories on Defendant Liberty Stock Transfer. Docket No. 47-2. On June 24, 2022, Defendant Liberty Stock Transfer served responses to those interrogatories. Docket No. 47-3. Counsel engaged in a

1

meet-and-confer regarding this discovery. *See, e.g.*, Docket No. 47-1 at ¶¶ 4-7. The parties are now before the Court on motion practice as to the adequacy of those discovery responses.

## II. STANDARDS

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

## III. ANALYSIS

### A. Requests for Admission

Plaintiff seeks to compel responses to six requests for admission. *See* Docket No. 46 at 4-8.[1]  Defendant objected to these requests primarily on the ground that they involved a pure question

---

[1] The requests for admission in dispute are as follows:

> Request No. 14:  Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(a), under the terms of GTII's shares, MR. WELLS is eligible to have his shares in GTII registered in his name;
>
> Request No. 15:  Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(b), MR. WELLS has the authority to instruct register of his shares in GTII;
>
> Request No. 16:  Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(c), reasonable assurance has been given that MR. WELLS's instruction to register his shares in GTII is genuine;
>
> Request No. 17: Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(c), reasonable assurance has been given that MR. WELLS's instruction to register his shares in GTII is authorized;
>
> Request No. 18: Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(d), any applicable law relating to the collection of taxes in regard to MR. WELLS's shares in GTII has been complied with;
>
> Request No. 19: Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(e), the transfer of MR. WELLS's shares in GTII does not violate any restriction on transfer imposed by GTII in accordance with Nev. Rev. Stat. Ann. § 104.8204;

of law.  *See* Docket No. 50 at 7-10.  Plaintiff responds that the requests permissibly seek the application of law to fact.  *See* Docket No. 46 at 12-14; Docket No. 56 at 2-4.  Plaintiff has the better argument.

Parties are not permitted to serve requests for admissions as to purely legal conclusions. *Playboy Enterps., Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 n.4 (9th Cir. 1994).  The plain language of the rule, however, permits parties to seek admissions as to "the application of law to fact."  Fed. R. Civ. P. 36(a)(1)(A).  The requests for admission here seek the application of law to fact.  Defendant's contention to the contrary is essentially that the requests must seek legal conclusions because they reference statutory elements or legal terms.  *See* Docket No. 50 at 8-9.  Not so.  Because Rule 36 allows requests aimed at application of law to fact, "the mere fact that certain [requests for admission] include reference to a statutorily defined term does not render the [requests for admission] improper."  *Peterson v. Alaska Comms. Sys. Grp., Inc.*, 2020 WL 13228683, at *14 (D. Alaska Mar. 12, 2020).  The Court finds the requests for admission at issue involve the application of facts to law, which is permissible.[2]

In opposing the motion to compel, Defendant pivots to a different argument that requests for admission should not address issues that go to "the heart of the litigation."  Docket No. 50 at 8.  This argument has several flaws.  First, Defendant did not object to the subject requests for admissions on this ground.  *But see V5 Technologies*, 334 F.R.D. at 304 n.9 ("It is well established that the failure to raise a timely objection in responding to a discovery request results in the waiver

---

> Request No. 20:  Admit that MR. WELLS's instruction to register his shares in GTII satisfies Nev. Rev. Stat. Ann. § 104.8401.1(f); and
>
> Request No. 24:  Admit that, as provided by Nev. Rev. Stat. Ann. § 104.8401.1(g), MR. WELLS's register of shares is rightful.

[2] The Court is not persuaded by Defendant's reliance on *Gurshin v. Bank of Am. Nat'l Ass'n*, 2017 WL 68650, at *2 (D. Nev. Jan. 5, 2017).  First, it appears that the request at issue in that case is distinguishable from those at issue here.  *See* Docket No. 56 at 4.  Second, the cited portion of that case contains no analysis.  Third, different courts may view this issue differently. *Cf. Benson Tower Condo. Owners Ass'n v. Victaulic Co.*, 105 F. Supp. 3d 1184, 1196 (D. Ore. 2015) (noting that "the distinction between the application of law to fact and a legal conclusion is not always easy to draw").

of that objection"). Second, Defendant misreads the law in asserting that requests for admission can never address important issues in the case. *See* Docket No. 50 at 8-10. A central purpose of a request for admission is to narrow the issues in dispute at trial. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). It serves the purpose of this rule to whittle the issues for trial through requests for admission that relate to important or even dispositive matters. *See Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1248 (9th Cir. 1981) ("A per se rule that the district court must permit withdrawal of an admission which relates to an important or dispositive matter is inappropriate in light of the purpose of this discovery device: to narrow the issues for trial and avoid litigation of unessential facts"). Indeed, the very case relied upon by Defendant makes clear that summary judgment may be predicated on admissions obtained vis-à-vis requests for admissions. *See Conlon*, 474 F.3d at 621.[3] Hence, "a request for admission under Rule 36, and a resultant admission, are not improper merely because they . . . relate to an 'ultimate fact,' or prove dispositive of the entire case." *Cereghino v. Boeing Co.*, 873 F. Supp. 398, 403 (D. Ore. 1994). In short, the Court is not persuaded by Defendant's contention that the requests for admission need not be answered because they address important issues in the case.[4]

Accordingly, the motion to compel answers to the requests for admission will be granted.[5] Defendant must answer the subject requests by October 12, 2022.

---

[3] To be clear, requests for admission should not be used "to harass the other side *with the wild-eyed hope that the other side would fail to answer* and therefore admit essential elements." *Conlon*, 474 F.3d at 625 (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1268 (11th Cir. 2002)) (emphasis added, cleaned up). Such a concern is not present here as Defendant has not admitted these requests by failing to respond.

[4] Defendant raised other objections in response to these requests for admission, *see* Docket No. 50 at 3-7, but has offered no argument in support of those objections in opposing the instant motion to compel. These objections are deemed abandoned. *Cf. Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 4359284, at *2 (D. Nev. Sept. 20, 2022) (merely listing objections in opposing a motion to compel is insufficient).

[5] Plaintiff seeks an award of its expenses in bringing this motion to compel. Docket No. 46 at 14-15. The Court finds Defendant's positions to be substantially justified and will not award expenses. Fed. R. Civ. P. 37(a)(5)(A)(ii).

4

**B.     Interrogatories**

Plaintiff seeks to compel responses to several interrogatories. Docket No. 47. It appears that the ruling above as to requests for admission may impact the parties' positions as to interrogatories. *See* Docket No. 50 at 10-11. Moreover, Defendant has served supplemental interrogatory responses. *See* Docket No. 50-2. Although Plaintiff contests the adequacy of these supplemental responses in reply, *see* Docket No. 56 at 8-10, the Court generally avoids resolving motion practice consisting of a moving target, *see, e.g.*, *U.S. Bank, Nat'l Ass'n v. N. Am. Title Ins. Co.*, 2019 WL 5788302, *2 n.3 (D. Nev. Nov. 6, 2019). The better course is for the parties to engage in further conferral efforts and, if necessary, to engage in motion practice specific to these supplemental responses.[6] Accordingly, the Court will deny this motion to compel without prejudice. Counsel must promptly confer as to the interrogatories.[7] Any further motion to compel based on these interrogatory responses must be filed by October 12, 2022.

**IV.     CONCLUSION**

For the reasons discussed more fully above, the motion to compel requests for admission is **GRANTED** (Docket No. 46) and the motion to compel interrogatory responses is **DENIED** without prejudice (Docket No. 47).[8]

IT IS SO ORDERED.

Dated: September 30, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] Plaintiff seeks an award of expenses in bringing this motion to compel. Docket No. 47 at 21. That request is also denied without prejudice.

[7] In an effort to foster these discussions, the Court makes clear that it is not persuaded by Defendant's contention that its discovery responses are immune from challenge based on alleged similarities in Plaintiff's discovery responses. Docket No. 50 at 11-12. Such a position is contrary to law. *See, e.g.*, *Spurbeck v. Wyndham Destinations, Inc.*, 2021 WL 1080738, at *2 (D. Nev. Mar. 18, 2021).

[8] Given the tenor of counsel's communications and filings, the Court reminds all of the attorneys that they must interact in a civil manner with a spirit of cooperation. *See* Local Rule 1-1(c); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). The Court expects better moving forward.