UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID WELLS, an individual and California resident,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>GLOBAL TECH INDUSTRIES, INC., a NEVADA CORPORATION; and LIBERTY STOCK TRANSFER, INC., a New Jersey corporation; DOES 1 through 10, inclusive; ROE BUSINESS ENTITIES, 1 through 10, inclusive,<br><br>　　　　　　　Defendants. | Case No.: 2:21-cv-02040-GMN-NJK<br><br>**ORDER** |

Pending before the Court is Defendant Global Tech Industries Group, Inc.'s ("Global Tech's") Motion to Vacate Default, (ECF No. 21). Plaintiff David Well ("Plaintiff") filed a Response, (ECF No. 23), but Defendant Global Tech did not file a Reply.

For the reasons discussed below, the Court **GRANTS** Defendant Global Tech's Motion to Vacate Default.

**I.  BACKGROUND**

Formerly known as Tree Top Industries, Inc., Defendant Global Tech is a corporation organized under the laws of the State of Nevada, with a registered address in Las Vegas, Nevada. (Compl. ¶ 2, ECF No. 1). Defendant Liberty Stock Transfer Inc. ("Liberty") is the current stock transfer agent of Defendant Global Tech. (*Id*. ¶ 3). Plaintiff is a financial consultant who performed services for Defendant Global Tech. (*Id.* ¶ 8).

///

///

On February 6, 2012, Plaintiff received 1,500,000 fully paid and non-assessable shares of the common stock of Defendant Global Tech as partial payment for prior services rendered. (*Id.*). On the day of issuance, the shares were valued at a market price of $60,000. (*Id.* ¶ 9). On August 6, 2021, Plaintiff notified Defendant Liberty that he intended to sell his shares of stock. (*Id.* ¶ 17). Plaintiff contacted Defendant Liberty because Plaintiff was first required to register his transfer of shares in accordance with Rule 144 of the Securities Act of 1993, 15 U.S.C. § 77d. (*Id.*). At the time of Plaintiff's first request, Defendant Global Tech's stock was valued at approximately $3.00 a share. (*Id.* ¶ 19). To date, neither Defendant Liberty nor Defendant Global Tech have registered Plaintiff's shares. (*Id.*)

On November 11, 2021, Plaintiff filed a Complaint against Defendants in this Court, asserting that Defendants violated the Duty to Register Transfer of Shares under NRS § 104.8401. (*Id.* ¶¶ 21–26). On the date Plaintiff filed suit, Defendant Global Tech's stock declined to approximately 0.60¢ [or "sixty cents"] a share. (*Id.* ¶ 19). On November 29, 2021, Defendant Global Tech's then-current counsel Warren Markowtiz ("Markowitz") sent an email to Plaintiff's counsel asking to "hold any action in the [Nevada] matter until the issue involving jurisdiction is concluded by the court in [New York]."[1] (Pham Decl. ¶ 5, Ex. 1 to Reply, ECF No. 23-1). Plaintiff's counsel rejected Markowitz's request later that day.[2] (*Id.*).

///

---

[1] Defendant Global Tech previously filed suit against Plaintiff in the United States District Court for the Southern District of New York. (Mot. Vacate Default 2:4–8, ECF No. 21). On July 21, 2022, the Southern District of New York dismissed Defendant Global Tech's action for lack of personal jurisdiction over the Plaintiff and improper venue. *See Global Tech Industries Group Inc. v. Wells*, 21-cv-06891, 2022 WL 2872298, at *5 (S.D.N.Y. July 21, 2022).

[2] Markowitz is a licensed attorney in the State of New York. (Markowitz Decl. ¶ 1, Ex. A to Mot. Vacate Default, ECF No. 21-1). Markowitz did not seek pro hac vice status in this case because on October 5, 2021, he was denied pro hac vice status in another case in this District. (*Id.* ¶ 15). Markowitz therefore determined that any attempt to gain pro hac vice status "would likely be futile." (*Id.*). Markowitz did not obtain local counsel to represent Defendant Global Tech until late December 2021. (Olifant Decl. ¶ 3, Ex. B to Mot. Vacate Default, ECF No. 21-2).

Defendant Global Tech neither responded to Plaintiff's counsel, nor contacted Plaintiff's counsel to request an extension of time to answer the Complaint. (Pham Decl. ¶ 6). Ultimately, Defendant Global Tech never filed an Answer to Plaintiff's Complaint. (*Id.*). Accordingly, on December 13, 2021, Plaintiff's counsel filed a request for the Clerk of this Court to enter an entry of default. (*See generally* Mot. Req. Entry Default, ECF No. 13). On January 1, 2022, entry of default was registered against Defendant Global Tech. (*See* Entry of Default, ECF No. 19). On January 12, 2022, Defendant Global Tech filed the present Motion to Vacate Default. (*See generally* Mot. Vacate Default).

## II.     LEGAL STANDARD

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). "Once default judgment has been entered, relief is governed by Rule 60(b)." *Id*. The "good cause" standard "that governs vacating an entry of default under Rule 55(c), is the same standard that governs vacating a default judgment under Rule 60(b)." *Bank of America, N.A. v. Moninger*, No. 2:17-cv-01106, 2020 WL 7028699, at *2 (D. Nev. Nov. 30, 2020). To determine "good cause," a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether reopening the default judgment would prejudice the other party; or (3) whether it had no meritorious defense. *See United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

The factors are more liberally applied in the context of a clerk's entry of default than in the default judgment context. *Id.* at 1091 n.1; *see also Haw. Carpenter's Tr. v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "'The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment.'" *Aristocrat Techs, Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009) (quoting *O'Connor v.*

*State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994)). The Court is guided by the principle that "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091.

## III. DISCUSSION

Defendant Global Tech asserts that its failure to timely respond to Plaintiff's Complaint does not constitute culpable conduct for two reasons.[3] First, Defendant Global Tech maintains that it was reasonable for Markowitz to consider the "'first-to-file' rule as a basis to address matters in New York and seek agreement of a stay of this proceeding."[4] (Mot. Vacate Default 4:15–22). Second, Defendant Global Tech purports that its conduct was not culpable due to Markowitz's belief that he could obtain pro hac vice status in this Court. (*Id*. 4:23–28). Further, Defendant Global Tech contends that a corresponding lack of prejudice to Plaintiff warrants setting aside the clerk's entry of default. (*Id*. 5:9–11).

In response, Plaintiff contends that Defendant Global Tech's conduct was culpable because it is a sophisticated entity whose untimely participation was a deliberate choice rather than a negligent oversight. (Resp. 4:2–6:5). Plaintiff further alleges setting aside the entry of default is not warranted due to Defendant Global Tech's failure to raise any meritorious defense and because Plaintiff will suffer prejudice if the clerk's entry of default is vacated. (*Id*.

---

[3] Defendant Global Tech's counsel argued that the clerk's entry of default should be vacated because its conduct constitutes excusable neglect under Rule 60(b). (Mot. Vacate Default 4:7–28). Here, only an entry of default has been entered against Defendant Global Tech. (Clerk's Entry of Default at 1). Therefore, Rule 55(c) controls the Court's analysis because the Court has entered an entry of default and not a default judgment. *See Brandt,* 653 F.3d at 1111 ("Once default judgment has been entered, relief is governed by Rule 60(b)."). Though Defendant Global Tech's counsel may have mistakenly proceeded under an inapplicable rule, the result is not prejudicial, since the "good cause" standard that governs vacating "an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC*, v. *Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). Therefore, the Court will construe and examine Defendant Global Tech's arguments under Rule 55(c).

[4] The "first-to-file" rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.3d 93, 94–95 (9th Cir. 1982) (citing *Church of Scientology of Calif. V. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1982)).

10:15–28). The Court begins with evaluating whether Defendant Global Tech engaged in culpable conduct.

### A. CULPABLE CONDUCT

As previously mentioned, Defendant Global Tech maintains that it was reasonable for Markowitz to consider the "'[first-to-file rule]' as a basis to address matters in New York and seek agreement of a stay of this proceeding."[5] (Mot. Vacate Default 4:15–22). Additionally, Defendant Global Tech purports that its conduct was not culpable due to Markowitz' belief that he could obtain pro hac vice status in this Court. (*Id*. 4:23–28). In response, Plaintiff contends that Defendant Global Tech's conduct was culpable because it is a sophisticated entity whose untimely participation was a deliberate choice rather than a negligent oversight. (Resp. 4:2–6:5).

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing and intentionally failed to answer." *Mesle*, 615 F.3d at 1092. "Intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to . . . manipulate the legal process.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 697). If a defendant "neglectfully[6] fails to answer, yet offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process[,]" he or she is not necessarily culpable. *TCI Grp.*, 244 F.3d at 697–98. Culpable behavior is typically found "where there is no explanation

---

[5] The "first-to-file" rule is a doctrine of federal comity that permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.3d 93, 94–95 (9th Cir. 1982) (citing *Church of Scientology of Calif. V. U.S. Dep't of the Army*, 611 F.2d 738, 749 (9th Cir. 1982)).

[6] In this context, "'[n]eglect' 'encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness.'" *TCI Grp.*, 244 F.3d at 697 (quoting *Pioneer Inv. Servs Co.v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)).

of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698.

Defendant Global Tech's culpability for its untimely participation is a close question. It is undisputed that on November 16, 2021, Defendant Global Tech received actual notice of the filing of the action when it was served with the summons and complaint. (Mot. Vacate Default 4:6–10). On November 29, 2021, Defendant Global Tech's counsel sent an email to Plaintiff's counsel asking to stay this action due to the "[first-to-file rule]." (Pham Decl. ¶ 5). Plaintiff's counsel rejected Defendant Global Tech's counsels request later that day. (*Id.*). At that point, Markowitz appeared to have made the conscious decision to not respond to Plaintiff's Complaint.[7]

The Court agrees with Plaintiff that Defendant Global Tech's explanation for its failure to respond is weak. The Court disagrees, however, that Defendant Global Tech's explanation suggests an improper attempt at legal gamesmanship. As the Ninth Circuit explained, a movant cannot be treated as culpable for simply making a conscious choice not to answer. *Mesle*, 615 F.3d at 1092. Instead, it must be shown that a defendant intended to "interfere with judicial decision making, or otherwise manipulate the legal process." *TCI Grp.*, 244 F.3d at 698. Here, the Court cannot discern how Defendant Global Tech improperly benefited from its tardy participation. *See Chrome Hearts, LLC v. Boutique Talulah*, No. 2:12-cv-00280, 2012 WL 4510692, at *3 (D. Nev. Sept. 28, 2012) (finding that a defendant's failure to respond did not

---

[7] The Court also finds that Defendant Global Tech's former counsel Markowitz consciously decided not to seek pro hac vice status or obtain local counsel. Markowitz was denied pro hac vice in a different case in this district on October 5, 2021, more than a month before this action was filed. (Markowitz Decl. ¶ 8–9); (*see generally* Compl.). Markowitz neither attempted to seek pro hac vice admission in this case, nor ask Plaintiff's counsel for additional time to gain pro hac vice admission or obtain local counsel. (Pham Decl. ¶ 10). Defendant Global Tech cannot simultaneously claim that it was reasonable for Markowitz to believe he would obtain pro hac vice status in this Court, while also submitting a declaration from Markowitz in which he states that he chose not to apply for pro hac vice admission because he believed that based on his prior denial any other attempt "would likely be futile." (Markowitz Decl. ¶ 15). Accordingly, the Court finds that Markowitz's actions further demonstrate that he, when serving as Defendant Global Tech's counsel, made a conscious decision not to answer Plaintiff's Complaint.

allow it to "take advantage" of the opposing party as the "only outcome that such a failure could have earned was what it received, an entry of default and a heightened possibility of default judgment"); *Escobar Inc. v. Reitberg*, 2:20-cv-007401, 2020 WL 6321812, at *4 (D. Nev. Oct. 28, 2020) (same).

Plaintiff cites to *Calloway v. Pankopf* for the proposition that a sophisticated attorney's actual notice of a summons and complaint and failure to promptly move the court weigh decisively in favor of a finding of culpability. No. 3:12-cv-00441, 2015 WL 1330553, at *3 (D. Nev. Mar. 25, 2015). However, many cases within the Ninth Circuit which examined a sophisticated attorney's potential culpability concerned motions to set aside a default judgment under Rule 60(b). *See Richmark Corp. v. Timber Falling Consultants*, Inc., 937 F.2d 1444, 1449 (9th Cir. 1991); *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). As previously mentioned, the standard for setting aside default judgment is governed by a stricter standard than motions to set aside a clerk's entry of default. *See Hawaii Carpenters' Tr. Funds*, 794 F.2d at 513 ("[T]he standards for setting aside entry of default under Rule 55(c) are less rigorous than those for setting aside a default."). In any event, the Ninth Circuit has clarified that courts retain discretion to set aside default, even where a defaulting party's culpability has been established. *See Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").

In sum, while the Court is not entirely satisfied with Defendant Global Tech's proffered explanation for its failure to respond to Plaintiff's Complaint, the record does not support a finding that Defendant Global Tech's delay was calculated to gain strategic advantage or manipulate the legal process. Accordingly, the culpability prong weighs marginally in favor of

setting aside the clerk's entry of default. The Court now turns to whether Plaintiff would be prejudiced by setting aside the default.

### B.  PREJUDICIAL IMPACT

Defendant Global Tech asserts that any prejudice suffered by Plaintiff is *de minimis* because it responded eleven days after the entry of default was entered. (Mot. Vacate Default Entry 5:1–11). In rebuttal, Plaintiff asserts he would be prejudiced if the entry of default was vacated due to the diminishing value of Defendant Global Tech's stock. (Reply 11:1–9).

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d 691, 700 (9th Cir. 2001). It is obvious that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting [an entry of default]. For had there been no default, the plaintiff would of course have had to litigate the merits of the case, incurring the costs of doing so." *Id*. Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Puentes v. Narvazia*, No. 3:19-cv-00600, 2022 WL 1016651, at *2 (D. Nev. April 5, 2022) (quoting *TCI Grp.*, 244 F.3d at 701).

Here, the Court finds that setting aside the entry of default and treating this matter on the merits will not prejudice Plaintiff. Potential financial loss associated with the volatility of a stock does not constitute prejudice. *See SMSW Enters., LLC v. Halberd Corp.*, No. cv-13-1412, 2013 WL 12138732, at *4 (C.D. Cal. June 21, 2013) (finding that the prejudice factor weighed in a defendant's favor where the plaintiffs only argued that the "delay resulting from continued litigation after setting aside the default will be prejudicial due to the volatile nature of the stock at issue"). Moreover, Plaintiff has not informed the Court of any tangible harm in the form of lost evidence or increased difficulties surrounding discovery that would transpire if the entry of default is vacated. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (explaining that "the

standard is whether [plaintiff's] ability to pursue his claim will be hindered"). Accordingly, the prejudice prong weighs in favor of setting aside the clerk's entry of default.

### C. MERITORIOUS DEFENSE

Plaintiff alleges that Defendant Global Tech failed and refused to register Plaintiff's shares, in violation of NRS § 104.8401. (Compl. ¶¶ 21–26). Defendant Global Tech does not address any defenses it may have to this allegation. (*See generally* Mot. Vacate Default). Therefore, Plaintiff contends that Defendant Global Tech has failed to present a meritorious defense because its Motion is devoid of facts that would constitute a defense. (Resp. 10:15–28).

"A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs*, 642 F.Supp.2d at 1233 (quoting *Accu–Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991)). "The defendant's burden is minimal." *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: 'the question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default. Rather, that question 'would be the subject of the later litigation.'" *Id*. (quoting *TCI Grp.*, 244 F.3d at 700).

Here, Defendant Global Tech does not meet its minimal burden because it fails to present any facts which might constitute a defense to NRS § 104.8401. *See Franchise Holding II, LLC*, 375 F.3d at 926 ("A 'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." (citation omitted)). Instead, Defendant Global Tech cursorily asserts that the "first-to-file" rule justified its decision to ignore Plaintiff's Summons and Complaint. (Mot. Vacate Default 4:15–22). Mere legal conclusions are insufficient to justify vacating an entry of default without accompanying facts. *See Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) ("[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense are, however, insufficient to justify

upsetting the underlying judgment." (internal citation and quotation marks omitted)). Even though Defendant Global Tech's burden at this stage is minimal, its assertion, which is not based on any specific facts, is insufficient to overcome default on its own. *Cassidy*, 856 F.3d at 1415.

Notwithstanding Defendant Global Tech's failure to set forth a meritorious defense, the law strongly favors resolution of cases on their merits. *See Franchise Holding II, LLC*, 375 F.3d at 925. Because there is insufficient evidence to find Defendant Global Tech engaged in culpable conduct or that Plaintiff would be prejudiced, the Court finds Defendant Global has demonstrated good cause to set aside the default. *See Escobar Inc. v. Reitberg*, No. 2:20-cv-00741, 2020 WL 6321812, at *5 (D. Nev. Oct. 28, 2020) (concluding that defendant demonstrated good cause to set aside a default despite defendant's failure to set forth a meritorious defense in their motion); *Rapaport v. Soffer*, No. 2:10-cv-00935, 2011 WL 9324, at *2 (D. Nev. Jan. 3, 2011) (same). Therefore, the Court holds that refusing to set aside the default would be contrary to the Ninth Circuit's long held policy in favor of deciding cases on the merits whenever possible. *Mesle*, 615 F .3d at 1091 (quoting *Falk*, 739 F.2d at 463).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Global Tech's Motion to Vacate Default, (ECF No. 21), is **GRANTED**.

Defendant Global Tech is **GRANTED** twenty-one ("21") days from the date of this Order to answer Plaintiff's Complaint.

**DATED** this __30__ day of September, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT